IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00323-GPG

ARI M. LIGGETT,

    Applicant,

v.

PEOPLE OF THE STATE OF COLORADO,

    Respondent.

---

ORDER DENYING MOTION TO DISQUALIFY

---

    This matter is before me on the "Motion to Disqualify Magistrate Judge Under 28 USC 455" (ECF No. 8) filed *pro se* by Applicant, Ari M. Liggett, on March 25, 2016. Mr. Liggett alleges in the motion that I "ha[ve] been discovered to be a co-defendant in this case's proceedings." (ECF No. 8 at 1.) He apparently also alleges in the motion that he needs more time to cure the remaining deficiency in this action.

    Mr. Liggett is a prisoner in the custody of the Colorado Department of Corrections. He initiated this action by filing a document titled "Motion for Modified Submission of Writ of Habeas Corpus Under 28 USC 2254" (ECF No. 1) challenging the validity of his convictions in two Arapahoe County, Colorado, District Court cases. The instant habeas corpus action was commenced and, on February 11, 2016, I ordered Mr. Liggett to cure certain deficiencies if he wishes to pursue any habeas corpus claims. In particular, I ordered Mr. Liggett to file an application for a writ of habeas corpus on the court-approved form and either to pay the $5.00 filing fee for a habeas corpus action or to file a motion

seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On February 25, 2016, Mr. Liggett filed a "Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 in a Habeas Corpus Action" (ECF No. 4) and a "Motion to Proceed Indigently According to 28 USC 1915 and Federal Rule of Practice 24 for a 28 USC 2254 Motion" (ECF No. 5).   On February 26, 2016, he filed a "Motion for Modified Order Pertaining to Proposed 28 USC 2254 Which Stated Deficiencies" (ECF No. 6).   On February 29, 2016, I entered a minute order denying the "Motion to Proceed Indigently According to 28 USC 1915 and Federal Rule of Practice 24 for a 28 USC 2254 Motion" (ECF No. 5) and the "Motion for Modified Order Pertaining to Proposed 28 USC 2254 Which Stated Deficiencies" (ECF No. 6).   I also directed Mr. Liggett in the February 29 minute order to cure the remaining deficiency within thirty days by filing an application for a writ of habeas corpus on the proper form.  Mr. Liggett was warned that the instant action would be dismissed without further notice if he failed to cure the remaining deficiency within the time allowed.

Mr. Liggett has not filed an application for a writ of habeas corpus on the proper form as directed.   Instead, he has filed the motion referenced above alleging I must be disqualified because I "ha[ve] been discovered to be a co-defendant in this case's proceedings."   (ECF No. 8 at 1.)   Pursuant to 28 U.S.C. § 455(b)(5)(i), a judge shall disqualify himself if he is a party to the proceeding.

The motion to disqualify will be denied because I am not named as a Respondent in this action and would not be a proper party even if named as a Respondent.   Because Mr. Liggett seeks to challenge the validity of his convictions in two Colorado state court

cases, the only proper respondent is his custodian. *See* 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).

Mr. Liggett's separate allegation that he needs additional time to cure the remaining deficiency is construed as a request for extension of time. That request will be granted. Accordingly, it is

ORDERED that the "Motion to Disqualify Magistrate Judge Under 28 USC 455" (ECF No. 8) is denied. It is

FURTHER ORDERED that Mr. Liggett shall have **thirty days from the date of this order** to cure the remaining deficiency by filing on the proper form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that Mr. Liggett shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Liggett fails to cure the remaining deficiency within the time allowed, the action will be dismissed without further notice.

DATED April 1, 2016, at Denver, Colorado.

BY THE COURT:

______________________________

 Gordon P. Gallagher
United States Magistrate Judge